UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
v.                                  )       No. 3:12-CR-32
                                    )       (PHILLIPS/SHIRLEY)
JESSICA FAYE PUTBRESE, and          )
BRIAN JOSEPH LEETH,                 )
                                    )
            Defendants.             )

## **PRETRIAL ORDER**

This action came before the Court pursuant to a telephone conference on May 7, 2012, in which Melissa Kirby as counsel for the government, Jonathan Moffatt as counsel for defendant Jessica Putbrese, and Robert Vogel as counsel for defendant Brian Leeth, indicated that this Pretrial Order could be entered without the necessity of a formal hearing or pretrial conference.

## **I.**

There are no pending motions in this case.

## **II.**

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**.  The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination.  The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolonged.

(b) **Peremptory Challenges**.  Under  Fed. R. Crim. P. 24(b)(2), the defendant is entitled to ten peremptory challenges and the government is entitled to six.

(c) **Novel Legal Issues for the Court**.  No novel or unusual legal issues were identified as of this time.

(d) **Novel Evidentiary Issues for the Court**.  No novel or unusual evidentiary problems were identified as of this time.

(e) **Special Requests for Jury Instructions**.  If counsel have any special requests for instructions to the jury, the same shall be filed at least five (5) working days before trial.

(f) **Additional Motions**.  No more motions will be allowed to be filed in this cause of action by either side without prior leave of Court.

(g) **Admissions and Stipulations**.  Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by defendant's attorney and the defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**.  Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

(i) **Jury List**.  The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list").  Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection.  Following jury selection, counsel and any other person

2

provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

(j) **Contact with Jurors**.  Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial.  Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact.  If permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

### III.

This case will be set for trial before the Honorable Thomas W. Phillips and a jury, to commence at **9:00 a.m. on June 11, 2012**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

**ENTER:**

      s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3